UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT FRED WOODALL, III,

        Petitioner,

v.                                                                    Case No. 6:12-cv-1429-Orl-36DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.

        Respondents.

_____/

## ORDER

This cause is before the Court on Petitioner's amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 19).   Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted.  Thereafter, Respondents filed a response to the amended petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 21).  Petitioner filed a reply (Doc. No. 27) to the response.

Petitioner alleges three claims for relief in his habeas petition:  (1) trial counsel was ineffective by failing to file a motion for a new trial as to count three because Petitioner was convicted of an offense not charged in the information; (2) trial counsel was ineffective by failing to move for a post-verdict judgment of acquittal as to count three

because the evidence was insufficient; and (3) his conviction as to count three violated his due process rights.  For the reasons set forth below, the petition will be denied.

## I.    PROCEDURAL BACKGROUND

The State charged Petitioner by information with burglary of a conveyance with an assault or battery with a firearm (count one), attempted first degree murder with a firearm (count two), and aggravated battery with a firearm (count three).  A jury found Petitioner guilty as to counts one and three and guilty as to the lesser included offense of aggravated assault with a firearm with regard to count two.  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of twenty years as to each of counts one and three (with a minimum mandatory sentence of twenty years) and for a term of ten years as to count three (with a minimum mandatory sentence of ten years), with all of the sentences to run concurrently.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, and, during the pendency of the appeal, he filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) with the state trial court.  The trial court granted the motion such that the sentence as to count three was corrected to reflect a three-year minimum mandatory sentence.  The appeal proceeded, and the state appellate court affirmed *per curiam*.

Petitioner next filed, through counsel, a petition for writ of habeas corpus with the state appellate court, which was denied.  Finally, Petitioner filed, through counsel, a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,

which the trial court denied.  Petitioner appealed the denial, and the state appellate court reversed in part, affirmed in part, and remanded with directions that the trial court vacate the judgments and sentences on counts one and two.  *See Woodall v. State*, 94 So. 3d 666 (Fla. 5th DCA 2012).  The trial court subsequently vacated the judgments and sentences on counts one and two.

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The instant habeas corpus petition is governed by the AEDPA.  Under the AEDPA, if a claim was adjudicated on the merits in state court, habeas corpus relief can only be granted if the state court's adjudication results in one of two outcomes. It must have either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has stated that a "state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).  Moreover, a "state-court decision involves an unreasonable application of this

Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Id.* Section 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted) (quotations omitted).

**B.      Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]   *Id.* at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

Because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, it follows that when the two apply in tandem, review is doubly so." *Morton v. Sec'y, Fla. Dept. of Corr.*, 684 F.3d 1157, 1167 (11th Cir. 2012) (citation omitted) (quotation omitted).  Under § 2254(d), "the question is not whether counsel's actions were reasonable [but] whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).  As both prongs of the *Strickland* test must be satisfied to establish a constitutional violation, the failure to satisfy either prong requires that an ineffective assistance claim be denied.  *Strickland*, 466 U.S. at 700.

## III.   ANALYSIS

### A.   Claim One

Petitioner argues that trial counsel was ineffective by failing to file a motion for a new trial as to count three because Petitioner was convicted of an offense not charged in the information.   Specifically, he alleges that the information charged him with committing an aggravated battery by using a deadly weapon (a firearm), whereas the jury was instructed on both the use of a deadly weapon and the alternate theory of causing great bodily harm.  This claim was raised in Petitioner's Rule 3.850 motion and was denied because there had been no showing of prejudice.

Count three of the information stated that Petitioner did the following:

> knowingly commit a battery upon ROHIT PALTA, and in furtherance thereof, did actually and intentionally touch or strike ROHIT PALTA against the will of ROHIT PALTA, or did intentionally cause bodily harm

> to ROHIT PALTA and in the commission of said battery, ROBERT FRED
> WOODALL III did use and actually discharge a firearm, a deadly weapon.

*See* App. A at 31.  The trial court instructed the jury as follows:

> To prove the crime of an aggravated battery, the State must prove two
> elements beyond a reasonable doubt. The first element is an element of
> battery. Number one, that Robert Woodall intentionally caused bodily
> harm to Rohit Palta.  Number two, that the defendant, in committing the
> battery, intentionally or knowingly caused great bodily harm to Rohit Palta,
> or, used a firearm or deadly weapon.

*See* App. B at 343.

The jury found Petitioner guilty of aggravated battery with a firearm as charged
in count three of the information.  *See* App. A at 109.  The jury also entered a special
verdict finding that, as to count three, Petitioner "discharge[d] a firearm and as a result
of the discharge, death or great bodily harm was inflicted upon the victim."  *Id*. at 110.
According to Petitioner, it was impossible to determine whether he had been convicted
of the aggravated battery by using a deadly weapon, which was charged in the
information, or the uncharged offense of causing great bodily harm.

Under Florida law, an aggravated battery may be committed either by causing
great bodily harm to the victim in the course of committing a battery or by committing a
battery through the use of a deadly weapon.  *See* § 784.045(1)(a)1–2, Fla. Stat.  Moreover,
"it is a fundamental principle of due process that a defendant may not be convicted of a
crime that has not been charged by the state."  *Jaimes v. State*, 51 So. 3d 445, 448 (Fla. 2010).

Petitioner cites to *Sanders v. State*, 959 So. 2d 1232 (Fla. 2d DCA 2007), *State v.
Weaver*, 957 So. 2d 586 (Fla. 2007), and *Santin v. State*, 977 So. 2d 781 (Fla. 5th DCA 2008).

6

In *Sanders*, the state appellate court found that a jury instruction on an uncharged form of battery was fundamental error when the prosecution argued in favor of and presented evidence on the uncharged theory.   In *Weaver*, the jury found the defendant guilty of battery; however, the verdict did not specify whether the conviction was based on the charged or uncharged form of the offense.   The Supreme Court of Florida concluded that, because the uncharged version of the offense was never at issue, it could be assumed that the jury's *general* verdict of guilty was not based on the uncharged theory.    As a result, the faulty instruction did not rise to the level of fundamental error.   In *Santin*, the state appellate court found that it was fundamental error to give a jury instruction on an alternative theory not charged.

The present case is distinguishable from the cases cited by Petitioner. Here, the jury entered a specific verdict, not a general verdict, and made a specific finding that Petitioner "discharge[d] a firearm and as a result of the discharge, death or great bodily harm was inflicted upon the victim."  *See* App. A at 110.  Consequently, the jury made a specific finding that Petitioner discharged a firearm resulting in bodily harm to the victim.  The evidence supported the charged offense; namely, that Petitioner discharged a firearm (a deadly weapon) in the course of committing a battery, and there was no underlying ambiguity in the jury's verdict.  The information charged Petitioner with committing battery through the use of a deadly weapon, and the jury, as reflected in the special verdict, found that Petitioner discharged a firearm during the commission of the

7

crime. The jury's special verdict makes clear that Petitioner was not convicted of an offense based on elements that were never charged.

Under the circumstances, the Court finds that Petitioner has failed to demonstrate prejudice under the *Strickland* standard.  As such, Petitioner has failed to establish that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects claim one.

### B.    Claim Two

Petitioner argues that trial counsel was ineffective by failing to move for a post-verdict judgment of acquittal as to count three because the evidence was insufficient.  This claim was not raised in Petitioner's Rule 3.850 motion, and, as noted above, Petitioner was represented by counsel in those proceedings.  Although Petitioner alleges that the claim "was fully litigated on direct appeal . . .," *see* Doc. No. 27 at 7, the record reveals that Petitioner did not raise an ineffective assistance of counsel claim on direct appeal. Moreover, under Florida law, "[g]enerally, an allegation of ineffective assistance of counsel should be raised in a motion for postconviction relief, rather than on direct appeal." *Grant v. State*, 864 So. 2d 503, 505 (Fla. 4th DCA 2004).

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the

claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law.   In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

Petitioner's claim is procedurally barred because it was not raised with the state courts.   However, there are two exceptions to the procedural default bar.   First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).   The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*.

In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default.   Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception.   A review of the record reveals

---

[1]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[2]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim two is procedurally barred, and it is denied.

### C.    Claim Three

Petitioner states that his "conviction for aggravated battery on Count 3 of the Information violates his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution."  *See* Doc. No. 19 at 41.  He states that "neither the evidence presented by the State nor the doctrine of transferred intent supported a conviction of aggravated battery against Rohit Palta."  *Id*. at 42.  It appears that this claim was raised in Petitioner's direct appeal.

The information in this case specifically charged in count three that Petitioner did "knowingly commit a battery upon ROHIT PALTA, and in furtherance thereof, did actually and intentionally touch or strike ROHIT PALTA against the will of ROHIT PALTA, or did intentionally cause bodily harm to ROHIT PALTA and in the commission of said battery, ROBERT FRED WOODALL III did use and actually discharge a firearm, a deadly weapon."  *See* App. A at 31.  The evidence at trial revealed that Petitioner pointed a gun and fired shots in the direction of both Karl Phillips and Mr. Palta.  *See* App. B at 133-35.  Mr. Palta was following Mr. Phillips and was right behind him.  *Id*. at 134-35.  One of the shots struck Mr. Palta in the ankle.  *Id*. at 134-35, 161-63.

Under Florida law, "[a] person commits aggravated battery who, in committing battery . . . [i]ntentionally or knowingly causes great bodily harm, permanent disability or permanent disfigurement" or uses a deadly weapon.  §784.045(1)(a), Fla. Stat.  The

"offense of battery occurs when a person actually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." §784.03(1)(a), Fla. Stat.

In the present case, the State submitted competent, substantial evidence that Petitioner intentionally fired his gun in the direction of Mr. Phillips and Mr. Palta and that a bullet struck Mr. Palta in his ankle against his will and caused great bodily harm. In addition, there was competent, substantial evidence that Petitioner aimed and fired the gun at Mr. Phillips and Mr. Palta and that Mr. Palta was following just behind Mr. Phillips.  The record does not support Petitioner's argument that he was only aiming at Mr. Phillips, particularly in light of the fact that the gun was shot at least two or three times.

The evidence supported Petitioner's conviction, and Petitioner has failed to demonstrate that his due process rights were violated.  As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Robert Fred Woodall, III is **DENIED**, and this case is **DISMISSED with prejudice**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

   **DONE** and **ORDERED** in Orlando, Florida on November 21, 2014.

                                        PAUL G. BYRON
                        UNITED STATES DISTRICT JUDGE

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

   The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies furnished to:
OrlP-2 11/21
Counsel of Record